PRICE, Judge.
Defendant, C. A. Hilburn, has appealed the judgment awarding Petrol Industries, Inc., a co-defendant in this concur sus proceeding, one-half of the one-eighth lease rent royalty on mineral production from land in Caddo Parish. We reverse the judgment for the reasons assigned.
Cities Service Oil Company, the purchaser of the production from the lease in dispute, initiated this action against Hilburn and Petrol to determine which defendant is entitled to payment of the disputed mineral lease royalty.
The dispute between the claimants arises out of the following stipulated facts:
On December 31, 1968, Carl Morris assigned to Central Facility, Inc., numerous properties, one of which was an oil, gas, and mineral lease covering the NW V* of the SE Vi of the NE Vi of section 32, Township 21 North, Range 15 West, Caddo Parish, known as the Burke “A” lease. Central Facility subsequently assigned these same properties including the Burke “A” lease to the present claimant, Petrol. At the time of the assignment from Morris to Central, Morris owned in addition to a working interest of .76562507 (Vsths less Váth overriding royalty), an undivided one-half interest in the land and minerals covered by the lease which entitled him to a royalty of .0625 of the gross production. He also owned an overriding royalty of one-sixteenth of seven-eights, entitling him to an additional .0546875 of the production. On October 20, 1972, subsequent to Petrol’s acquisition, Morris sold his interest in the land covered by the Burke “A” lease to Hilburn.
Hilburn contends the assignment of the Burke “A” lease on December 21, 1968, by Morris did not include the lessor’s rent royalty and that his purchase of the interest of Morris in the land and minerals entitles him to this royalty.
The trial court found the assignment by Morris to Central included the lessor’s rent royalty in addition to the working interest and overriding royalty because of the broad language of the “Mother Hubbard” or “cover all” clause in the conveyance which provided:
It is the intention of Assignor to convey herein all of his interest in the leases described in Exhibit “A” attached hereto and all of his interest in and to the wells and equipment located thereon, together with all of his interest in any and all overriding royalty interest or production *862 payments of any kind or nature whatsoever affecting said leases or wells. In the event the net pipeline interest figure set forth after each lease description in Exhibit “A” does not accurately reflect the total interest (including working interest, overriding royalty interest, production payments or any other type of interest) owned by Assignor in the lease, the same is to be disregarded and the total interest of the Assignor in said lease is to be conveyed hereby.
This conclusion is not in keeping with the apparent intent of the parties as shown by the overall act of conveyance from Morris to Central and when the pivotal phrases or terms are construed in accord with common usage in the oil industry.
Petrol concedes Morris did not convey his interest in the minerals by the terms of the conveyance, but contends a royalty interest was created by the words “the intention of Assignor to convey herein all of his interest in the leases . . . ” coupled with the explanatory phrase “. . . together with all his interest in any and all overriding royalty interest or production payments of any kind or nature whatsoever affecting said leases or wells.”
With one exception, the ninety-six items listed on the schedule of properties conveyed by Morris are leasehold rights or interests derived from the lessee’s interest in oil, gas, or mineral leases and the wells and equipment located on the leases. These interests are customarily referred to as “working interests” as distinguished from the lessor’s rent royalty received as consideration for the lease.
We do not find the language employed expresses an intent to create a royalty interest. The parties to the agreement were both knowledgeable oil operators. Had such a result been intended, the instrument would have explicitly mentioned “royalty” or “rent royalty” in addition to the particular interests enumerated in the explanatory clause. “Overriding royalty” and “production payments,” which were listed, are interests in production usually related to the lessee’s working interest. Even though “overriding royalty” and “production payments” may be carved out of the lessor’s interest, neither of those interests are involved in this case. For a discussion of the nature of these interests see the comment to Article 126 of the Mineral Code (R.S. 31:126).
A mineral royalty interest such as that claimed by Petrol is an interest created by a mineral owner in production of the minerals whether obtained from drilling operations conducted solely by the mineral owner or through a mineral lease.. Therefore, in a literal sense, it is not an interest in a lease, but only a right to share in a portion of the production from whatever method it is derived. Morris could have conveyed to Petrol his right to be paid one-half of the rent royalty stipulated in the Burke “A” lease, but the instrument does not expressly convey such a right, nor does it evidence an intent to convey such a right.
We conclude that the rights and interest conveyed or assigned by Morris to Central under the lease in dispute were those emanating through the status of lessee and that no mineral royalty sale was effected by the transaction in question.
The judgment appealed is reversed and accordingly it is ordered, adjudged, and decreed that there be judgment in favor of C. A. Hilburn and against Petrol Industries, Inc., recognizing and decreeing C. A. Hil-burn as entitled to one-half (Vfc) of the one-eighth (Vsth) royalty payment (.0625 interest) in all production produced from the N/2 of NW/4 of SE/4 of NE/4 and SW/4 of NW/4 of SE/4 of NE/4, all in Section 32, Township 21 North, Range 15 West, Caddo Parish, Louisiana, covered by the Burke “A” lease, and, as such, entitled to all of the money deposited by petitioner into the Registry of the Court in this proceeding.
It is further ordered that Cities Service Oil Company pay over to C. A. Hilburn all royalty payments hereafter accruing to the production purchased by Cities Service Oil Company from said Burke “A” lease that are applicable to the mineral interest owned by C. A. Hilburn.
*863 Costs of these proceedings including this appeal are to be paid by Petrol Industries, Inc.